**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**WILLIE A. MAGEE, #09005**                                    **PETITIONER**

**versus**                              **CIVIL ACTION NO. 2:08-cv-163-DCB-MTP**

**STATE OF MISSISSIPPI, ET AL.**                               **RESPONDENTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* petition of Willie A. Magee for a writ of *habeas corpus* under 28 U.S.C. § 2254. Having considered the submissions of the parties, the record of the state court proceedings, and the applicable law, the undersigned is of the opinion that the Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied.

PROCEDURAL HISTORY

On November 24, 2003, Petitioner Willie A. Magee was convicted of burglary of a dwelling (Count I) and rape (Count II) in the Circuit Court of Walthall County. Magee was subsequently sentenced as a habitual offender to serve twenty-five (25) years on Count I and thirty (30) years on Count II to be served consecutively.[1] (R.4 at 494-95.)

On February 22, 2006, Magee appealed his conviction and sentence to the Mississippi Supreme Court based on the following grounds (as stated by Petitioner):

---

[1]On February 12, 2003, prior to his conviction and sentence, Magee filed a "Petition for Writ of Mandamus," *pro se*, in the Mississippi Supreme Court (docketed as Cause No. 2003-M-182) requesting the court to dismiss the case against him and to order the trial court to rule on his motion to show probable cause, motion to dismiss, and motion for discovery. *See* State Court Record, No. 2003-M-00182, "Miscellaneous Pleadings." On September 12, 2003, the Mississippi Supreme Court dismissed the petition. *Id.*; *see also* Ex. A to Response [14].

On April 14, 2003, also prior to his conviction and sentence, Magee filed a "Petition for Interlocutory Appeal and Stay Pending Appeal" in the Mississippi Supreme Court. *See* State Court Record, No. 2003-M-00797, "Miscellaneous Pleadings." On August 1, 2003, the court dismissed Magee's petition without prejudice, finding that he failed to satisfy the requirements of M.R.A.P. 5. *Id.; see also* Ex. B to Response [14].

Issue One:      The evidence is insufficient to support conviction pursuant to the indictment and relevant law. The lower court erred in not granting a directed verdict.

> A:      The lower court erred by not dismissing the indictment or granting a mistrial when it allowed testimony of prior bad acts of the accused stealing a church air conditioner.
>
> B:      The court should have granted the motion to disqualify the District Attorney.
>
> C:      The court erred by not excusing a juror who read a newspaper article related to the case.
>
> D.      That the Defendant was indicted under the wrong statute.
>
> E.      The victim's testimony was not corroborated by anyone, including the doctor.
>
> F.      The court erred by not dismissing the indictment for failure to comply with Rule 6.03.
>
> G.      Whether the sentencing constitutes cruel and unusual punishment and is disproportionate under Eight [*sic*] Amendment.
>
> H.      Lower court erred by allowing the State to introduce evidence of a conviction 10 years or older.
>
> I.      The lower court erred when it did not grant a directed verdict as to the charge of burglary.

Issue Two:      The lower court acted improperly by sentencing Appellant to 60 years in the Mississippi Department of Corrections.[2]

On March 6, 2007, the Mississippi Court Appeals affirmed Magee's conviction and sentence in a written opinion. *See Magee v. State,* 966 So. 2d 173 (Miss. Ct. App. 2007), *reh'g denied*, July 17, 2007, *cert. denied*, Oct. 11, 2007, 966 So. 2d 172 (Table).[3]

On April 1, 2008,[4] Magee sought leave from the Mississippi Supreme Court to file his motion for post-conviction collateral relief in the trial court (hereinafter "PCR") in which he asserted the following claims (as stated by Petitioner):

---

[2]*See* State Court Record, No. 2003-KA-2768, "Briefs and Other Pleadings."

[3]*See* Exs. C and D to Response [14].

[4]He had three years from the date his "direct appeal [was] ruled upon" to do so.  Miss. Code. Ann. § 99-39-5(2).

1.     Whether counsel provided ineffective assistance? [Individual allegations of ineffective assistance of counsel listed below have been summarized and labeled by this Court][5]

    a.    Trial counsel erred in failing to object to the prosecution's improper comments during opening statements.

    b.    Trial counsel erred in failing to object to the prosecution's improper comments during closing statements.

    c.    Trial counsel erred in failing to make contemporaneous objections at trial (including improper jury instruction no. 14), and thus failed to preserve certain issues for appeal.

    d.    Trial counsel erred in failing to raise *Brady* violations on appeal.

    e.    Trial counsel erred in failing to appropriately advise Magee regarding an interlocutory appeal.

    f.    Trial counsel erred in failing to pursue the trial court's failure to rule on Magee's motion for an additional attorney.

2.     Alternative jurors participating in deliberation.

3.     Testimony of prior bad acts.

4.     Counsel's failure to raise issue in appeal, ineffectiveness.

5.     Whether Magee was denied his initial appearance hearing?

6.     Whether Magee was improperly sentenced under the habitual offender's statute?

7.     Whether the court errored (sic) in not granting a direct verdict on the burglary charge?

8.     Whether the court errored (sic) in sentencing Magee to sixty years?[6]

On May 14, 2008, the Mississippi Supreme Court denied Magee's application stating,

> After due consideration, the panel finds that the issues submitted by Magee concerning testimony of prior bad acts and improper sentencing are barred by the doctrine of res judicata, having been previously decided by the Court of Appeals. *See* Miss. Code Ann. § 99-39-21(3). Further, the arguments put forth regarding ineffective assistance of counsel fail to overcome the burden established in *Strickland v. Washington*, 466 U.S. 668 (1984). Magee's remaining arguments are barred by Miss. Code Ann. § 99-39-21(1). Accordingly, Magee's Application for Leave to Proceed in the Trial Court should be denied.[7]

Magee filed the instant petition [1] for writ of habeas corpus on or about August 5, 2008.

---

[5]Because the upper and lower case letters, numbers, and roman numerals assigned by Magee in his PCR were confusing, this Court assigned its own identification system for the grounds, (*i.e.*, 1 (a)-(f), 2, 3, etc.).

[6]*See* State Court Record, No. 2008-M-00569, "Miscellaneous Pleadings."

[7]*Id.*

He asserts the following grounds for relief (as stated by Petitioner):

**Ground One:** 8th Amendment violation – illegal sentence. (3) amendments was constructively added to the indictment – (2) two of those was sentencing enhancements which was not presented to the grand jury or cited indictment.

**Ground Two:** Defective indictment 14th Amendment due process and equal protection violation. (see pages 1-28) The wrong statute was used to prosecute defendant and the elements of the crime is sine qua non – against the weight of the evidence Magee has been falsely indicted, convicted and sentence for a crime he
did not commite (sic).

**Ground Three**: Ineffective assistance of counsel failure to exhaust appeals. Counsel failed to pursue the interlocutory appeal, failed to effectly [*sic*] state the relevant law applicable to the facts (see exhibits "F") – failed to provide [minimum] service on the research of the motion for severance and the defective indictment claim. See exhibits B and G for proof of lack of diligence.[8]

**Ground Four:** Whether the state violated the trial court's order by failing to furnish defendant with copies of medical reports.[9]

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject,[10] specifies that exhaustion of a claim in state court is required for a federal court to consider the claim: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the

_____

[8]*See* Petition [1]; Amended Petition [7].

[9]This ground was raised as Ground Two in Magee's "Motion to Amend/Supplemental Authority M.R.C.P. 15(A)" [7]. Ground One raised in the Amended Petition [7] supplements the other grounds raised in the original Petition [1].

Further, although not specifically identified as separate grounds, Magee raises several additional issues throughout his "Supporting Facts and Index of Exhibit(s)" [1-2] attached to his Petition [1], identified below under the "Unexhausted Grounds" heading. The court has done its best with the daunting task of identifying the issues raised in Magee's Petition [1], supporting memorandum and attachments [1-2][1-3], and amended petition [7] and attachments [7-2], which exceed 200 pages, and in deciphering which arguments apply to each issue.

[10]*See Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

applicant has exhausted the remedies available in the courts of the State . . . . " 28 U.S.C. § 2254(b)(1)(A).

To satisfy this requirement, the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state courts are given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844. Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 620 & n.6 (5th Cir. 2000).

As set forth herein, Magee failed to properly exhaust Ground Four and a portion of Ground Three,[11] as he failed to present these claims to the highest state court in a procedurally proper manner. Thus, as discussed below, this court is procedurally barred from considering Ground Four and the unexhausted portion of Ground Three.[12]

Magee has satisfied the exhaustion requirement for Grounds One, Two, and a portion of Ground Three[13] raised in his federal petition by first giving state courts the opportunity to resolve any constitutional issues. These grounds were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). Under the AEDPA, when the state court has adjudicated the

---

[11]The portion of Ground Three alleging that counsel was ineffective for failing to effectively state the relevant law applicable to the facts and for failing to provide minimum research and assistance regarding a motion for severance and a claim for a defective indictment has never been raised in state court, and is thus unexhausted. Further, as mentioned above and discussed *infra*, the additional unnumbered grounds raised in Magee's supporting Memorandum [1-2] are unexhausted.

[12]*See supra,* footnote 11.

[13]*See supra*, footnote 11.

petitioner's claims on the merits,[14] the federal court reviews mixed questions of law and fact under subsection (d)(1).  *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998).  Since the exhausted grounds raised in Magee's federal petition involve mixed questions of law and fact, this Court's authority to grant habeas relief on these claims is limited to a determination of whether the decisions of the Mississippi appellate courts "[were] contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

Whether the applicable law is clearly established for purposes of a Section 2254(d)(1) analysis is determined solely by reference to Supreme Court decisions "as of the time of the relevant state-court decision."  *Williams v. Taylor,* 529 U.S. 362, 412 (2000).  A decision by any other court "even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)."  *Salazar v. Dretke,* 419 F.3d 384, 399 (5th Cir. 2005).

The "unreasonable application" inquiry is based on an objective standard, and for purposes of a Section 2254(d)(1) analysis, "unreasonable" does not equate with "incorrect." *Garcia v. Dretke,* 388 F.3d 496, 500 (5th Cir. 2004).  The application of clearly-established precedent must be both incorrect and unreasonable for federal habeas relief to be warranted.  *Id.* "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable,"[15] but it is to review only the state court's ultimate conclusion and not the reasoning that was used to reach it.  *Neal,* 286 F.3d at 246.

It is by these principles and against the backdrop of exhaustion requirements and

---

[14]"On the merits" refers to substantive, rather than procedural, disposition of the case. *Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

[15]*Neal,* 286 F.3d at 244 (citing *Williams,* 529 U.S. at 409).

substantive determinations that Magee's claims must be viewed–with the added observation that a federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986). As discussed below, Magee cannot circumvent the bar to federal habeas review by bringing his exhausted claims within the narrow exception set forth in 28 U.S.C. § 2254(d)(1).

**Ground One**

In his petition, Magee states the following in Ground One: "8th Amendment violation – illegal sentence . . . (3) amendments was constructively added to the indictment – (2) two of those was sentencing enhancements which was not presented to the grand jury or cited indictment." Petition [1] at 5. In his supporting Memoranda [1-2] and Amended Petition [7], Magee alleges several claims regarding the illegality of his sentence, each of which the Court addresses below.

Magee first claims that the trial judge erred in allowing the indictment to be amended after trial to include the habitual offender statute and in sentencing him as a habitual offender.[16] The record reflects that Magee was not originally indicted as a habitual offender. (R.1 at 16-17.) Following Magee's conviction by the jury, the State moved to amend his indictment to sentence

---

[16]Magee did not raise this issue on direct appeal but raised it in his PCR. *See* State Court Record, No. 2008-M-00569, "Miscellaneous Pleadings," Ground F, page 13. The Mississippi Supreme Court held that Magee's claims concerning "improper sentencing are barred by the doctrine of res judicata, having been previously decided by the Court of Appeals. *See* Miss. Code Ann. § 99-39-21(3)." *Id.* The court held that "Magee's remaining arguments are barred by Miss. Code Ann. § 99-39-21(1)." *Id.* As Magee did not raise this issue on direct appeal, it is unclear whether the Mississippi Supreme Court inadvertently grouped this issue in the claims concerning "improper sentencing" or whether it found that the issue was barred by Miss. Code Ann. § 99-39-21(1), which provides that failure to raise claims and/or issues which were capable of determination at trial and/or on direct appeal shall constitute a waiver thereof and shall be procedurally barred. Either way, the court will address the claim on the merits.

him as a habitual offender under Miss. Code Ann. § 99-19-81.[17]  After allowing defense counsel

a reasonable opportunity to respond, the trial judge granted the motion and sentenced Magee as a

habitual offender to a term of  twenty-five years on the burglary count and thirty years on the

rape count, both sentences to be served day for day and to run consecutively.[18]  (R.13 at 1234-

46.)

Magee's argument that the trial judge erred in amending his indictment to include the

habitual offender statute is a matter of state law and not a ground for federal habeas relief.  *See*

*Engle v. Isaac,* 456 U.S. 107, 121 n.21  (1981) (citation omitted) (stating that a "mere error of

state law is not a denial of due process");[19] *Jones v. Waller*, No. 1:06CV21-MPM-JAD, 2007

---

[17]Miss. Code Ann. § 99-19-81 provides:

Every person convicted in this state of a felony who shall have been convicted
twice previously of any felony or federal crime upon charges separately brought
and arising out of separate incidents at different times and who shall have been
sentenced to separate terms of one (1) year or more in any state and/or federal
penal institution, whether in this state or elsewhere, shall be sentenced to the
maximum term of imprisonment prescribed for such felony, and such sentence
shall not be reduced or suspended nor shall such person be eligible for parole or
probation.

[18]The trial judge actually sentenced Magee prior to ruling on the State's motion to amend
the indictment.  He sentenced Magee to a term of  twenty-five years on the burglary count and
thirty years on the rape count (to be served day for day), and deferred his ruling as to whether
Magee would serve the burglary sentence as a habitual offender.  (R.13 at 1238.)  Thus, adding
the habitual offender statute to the indictment did not actually change the number of years of the
sentences, but only directed that Magee serve his second sentence (the burglary count) day for
day without the possibility of parole or probation.  He had already been sentenced to the
maximum term for burglary, twenty-five years.  *See* Miss. Code Ann. § 97-17-23; *see also* R.13
at 1234-46.

[19] The Court further stated: "If the contrary were true, then 'every erroneous decision by a
state court on state law would come [to this Court] as a federal constitutional question.'"  *Engle,*
456 U.S. at 121 n.21 (citations omitted).

WL 1826904, at *4 (N.D. Miss. May 30, 2007)[20] (holding that challenges to indictment, including claim that it was improperly amended to include habitual offender language, involved interpretation and application of state law and did not implicate petitioner's constitutional rights, and, therefore, was not subject to review by federal habeas court); *West v. Thaler*, No. A-08-CA-233-JRN, 2010 WL 538258, at *8 (W.D. Tex. Feb. 3, 2010) ("Petitioner's claim that the trial court amended the indictment in violation of state procedural requirements does not raise an issue of federal constitutional dimension."); *Cady v. Quarterman*, No. 3:07-CV-0611-D, 2009 WL 1437832, at *5 (N.D. Tex. May 22, 2009) (stating "whether the trial court should allow an indictment to be amended and whether the defendant should have additional time to respond to an amended indictment are matters of state law").

Next, Magee claims that the habitual offender portion of his indictment was not presented to the grand jury; rather, his indictment was amended after trial to include the habitual offender statute.[21] Magee cites to the *Apprendi* rule in support of his contention that he was denied due process in his sentencing under the habitual offender statute because the court-and not a jury-determined that his punishment should be enhanced. However, as Respondents point out, *Apprendi* does not require submission of the habitual offender question to a jury. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court stated that any fact, *other than a prior conviction*, that increases the maximum penalty for a crime must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 489; *see also Blakely v. Washington*, 542 U.S. 296, 301 (reiterating the *Apprendi* exception). Thus, this claim does not merit habeas relief.

---

[20]This Report and Recommendation was adopted by District Judge Michael P. Mills on June 22, 2007. *See* Civil Action No.1:06cv21-MPM-JAD, Order [35].

[21]*See supra*, footnote 16.

Magee also claims he was not provided with notice of a possible enhancement prior to trial, which violated his constitutional rights.[22]  As set forth above, following the guilty verdict returned by the jury on November 24, 2003, the State moved to amend the indictment to include habitual offender status under Miss. Code Ann. § 99-19-81,[23] based on evidence of two prior convictions admitted during the trial.  (R.12 at 1064-71, 1106-09; R.13 at 1231.)[24]  The trial judge stated he would take the motion up at the sentencing hearing scheduled for December 8, 2003, two weeks later.  (R.13 at 1231-32.)  On December 8, 2003, when the State renewed its motion to amend, Magee's counsel requested an opportunity to respond to the written motion in writing, since it was just served prior to the hearing.  Even though Magee had notice of the motion since November 24, 2003, the trial judge indicated that he would proceed with the sentencing and hold in abeyance the motion to sentence Magee as a habitual offender.  The trial judge set the hearing on the motion to amend for January 5, 2004, almost one month later.  (R.13 at 1234-38.)  On January 5, 2004, after hearing arguments from counsel, including Magee's contention that one of the prior convictions was older than ten years and that the issue of sentencing for a capital case was an issue for the jury, the court granted the motion to amend the indictment to include habitual offender status under Miss. Code Ann. § 99-19-81.  (R.13 at 1240-44.)

The plain language of Rule 7.09 of the Uniform Rules of Circuit and County Court Practice ("URCCC") provides in part that "Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised."  URCCC 7.09.

---

[22]*See supra*, footnote 16.

[23]*See supra*, footnote 17.

[24]Magee himself acknowledged the two prior convictions in his trial testimony.  (R.12 at 1064-71, 1106-09.)

Rule 7.09 also specifically states that an indictment may be amended to charge a defendant as a habitual offender. *Id.*

In *Oyler v. Boles*, the Supreme Court held that "due process does not require advance notice that the trial on the substantive offense will be followed by an habitual criminal proceeding." 368 U.S. 448, 452 (1962). "Nevertheless, a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense." *Oyler*, 368 U.S. at 452. As set forth above, Magee was provided reasonable notice of the State's motion to amend the indictment to include the habitual offender statute, and was afforded ample time to respond to same. *See Wilson v. State*, 935 So. 2d 945, 949 (Miss. 2006) (holding that it was not necessary for defendant to prepare a defense based on the amended indictment because the habitual offender status did not affect the crimes with which he was charged); *Madison v. State*, 923 So. 2d 252, 254 (Miss. Ct. App. 2006) ("Since an amendment charging a defendant as a habitual offender does not affect the substance of the crime charged, but only the sentencing, Madison's defense to the armed robbery charge was unaffected by the amendment.").

Finally, as part of Ground One, Magee claims the trial judge erred in sentencing him to 55 mandatory years, which is beyond his life expectancy, as he will be over 100 years old when he is released. He claims that a defendant may not be sentenced to life imprisonment under Miss. Code Ann. § 97-3-65 and § 99-19-81, but must be sentenced to a fixed term less than life.

On direct appeal, Magee claimed his sentence was disproportionate to his crimes under the Eighth Amendment. In rejecting this claim, the court of appeals held:

> Sentencing is generally within the discretion of the trial judge. *White v. State*, 742 So. 2d 1126, 1136 (¶ 41) (Miss.1999). As a general rule, a sentence that does not exceed the statutory maximum for the crime will not be disturbed on appeal. *Nichols v. State*, 826 So.2d 1288, 1290(¶ 10) (Miss.2002). But, when a threshold comparison of the crime to the sentence leads to an inference of "gross

disproportionality," the reviewing court will conduct a proportionality analysis using the three factors from *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed.2d 637 (1983). *Hoops v. State*, 681 So. 2d 521, 538 (Miss.1996) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1005, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991)). These factors include: (1) the gravity of the offense and the harshness of the penalty, (2) a comparison with the sentences imposed on other criminals in the same jurisdiction, and (3) a comparison with the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 291-92, 103 S. Ct. 3001.

Magee argues that his sentence was grossly disproportionate to his crimes. Magee also complains that, given his age at sentencing, his punishment amounted to a life sentence. The court sentenced Magee as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2000), which provides for a sentence of "the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." For the rape conviction, the jury did not fix the penalty at life imprisonment, requiring the trial court to fix the penalty "at any term as the court, in its discretion, may determine." Miss. Code Ann. § 97-3-65(4)(a) (Rev.2006). The court imposed a thirty-year term. The court imposed a consecutive twenty-five year sentence, the maximum penalty for burglary of a dwelling. Miss. Code Ann. § 97-17-23 (Rev.2006). Thus, the trial court imposed sentences within the statutory limits for Magee's crimes. When a series of sentences is imposed, the total of the sentences may exceed the defendant's actuarial life expectancy. *Erwin v. State*, 557 So. 2d 799, 803 (Miss.1990). We find that a threshold comparison of Magee's sentence with his crimes does not raise an inference of gross disproportionality that would trigger the *Solem* proportionality analysis.

*Magee v. State*, 966 So. 2d 173, 194-85 (Miss. Ct. App. 2007).

Where a sentence is "grossly disproportionate" to the crime committed, the sentence is subject to attack on the grounds that it violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). However, "[a] finding that sentence is grossly disproportional should be made only in 'exceedingly rare' and 'extreme' cases." *McCline v. Epps*, No. 4:05CV89-P-S, 2008 WL 4457842, at * 6 (N.D. Miss. Sept. 30, 2008) (citing *Lockyer*, 538 U.S. at 73). Where a state sentence is within the statutory limits, the defendant must rebut the presumption of constitutionality by showing that his situation is exceptional. *Stewart v. Stalder*, No. 06-1807, 2007 WL 1890706, at * 12 (E.D. La. June 28,

2007) (citing *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *Nicks v. Cain*, No. 04-0519, 2005 WL 1578024, at * 8 (E.D. La. June 30, 2005)).

Magee was convicted of burglary of a dwelling and forcible rape pursuant to Miss. Code Ann. § 97-17-23 and § 97-3-65(4),[25] respectively. (R.1 at 16-17; R.4 at 494-95.) Under Mississippi law, Magee was subject to a maximum term of imprisonment of 25 years for the burglary conviction and for any term less than life set by the court for the rape conviction, where the jury fails to fix the penalty at life imprisonment. *See* Miss. Code Ann. § 97-17-23 and § 97-3-65(4). As noted *supra*, Magee was sentenced as a habitual offender to twenty-five years on the burglary count and thirty years on the rape count. (R.4 at 494-95; R.13 at 1234-46.) "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer*, 538 U.S. at 77. Magee's sentence was well within the statutory limits, and he has failed to rebut the presumption of constitutionality by showing that his situation is exceptional. Accordingly, the Mississippi Court of Appeal's decision upholding the trial court's sentence was neither contrary to, nor an unreasonable application of clearly established federal law.

**Ground Two**

In his petition, Magee alleges the following for Ground Two: "Defective indictment 14th Amendment due process and equal protection violation . . . (see pages 1-28) The wrong statute was used to prosecute defendant and the elements of the crime is sine qua non – against the weight of the evidence Magee has been falsely indicted, convicted and sentence for a crime he did not commite (sic)." Petition [1] at 6. Magee claims that his indictment charged him with rape under the wrong statute, Miss. Code Ann. § 97-3-65(3), which sets forth the sentencing

---

[25]As discussed *infra*, the wrong statute was cited in Magee's indictment. The indictment cited Miss. Code Ann. § 97-3-65(3), which sets forth the sentencing guidelines for statutory rape. The correct statute for forcible rape is Miss. Code Ann. § 97-3-65(4).

guidelines for statutory rape. Magee claims he should have been indicted under Miss. Code

Ann. § 97-3-65(4), forcible rape, as the alleged victim was 82 years old. *See* Memo. [1-2].

Magee raised this issue on direct appeal and the Mississippi Court of Appeals rejected it

on its merits. The court held as follows:

> Count Two of Magee's indictment set out the essential elements of forcible rape
> as codified at Mississippi Code Annotated section 97-3-65(4)(a) (Rev.2006).
> However, the indictment erroneously cited to section 97-3-65(3), which contains
> the sentencing for statutory rape, rather than section 97-3-65(4)(a), which codifies
> the crime of forcible rape. For the first time on appeal, Magee argues that the
> indictment's citation to the wrong statutory subsection mandates reversal.

> This issue was decided adversely to Magee in *Culp v. State*, 933 So.2d 264,
> 277-78 (Miss.2005). Culp's indictment charged him with violating subsection
> 97-3-64(3) but set out the essential elements of forcible rape. *Id.* at 277(¶ 40).
> Culp initially raised the error on appeal. *Id.* at 278(¶ 42). The supreme court
> observed that the purpose of an indictment is to afford the defendant with notice
> of the crime charged and the facts underlying the crime charged. *Id.* at 277(¶ 40).
> Citation to a specific statute is not required to afford adequate notice to the
> defendant. *Id.* At the trial, Culp had confronted the charges of forcible rape and
> not those of statutory rape. *Id.* at 277(¶ 41). Therefore, Culp had been adequately
> apprised of the charges against him and the court treated the citation to the
> incorrect subsection as a typographical error that was a matter of form, not
> substance. *Id.* at 277-78 (¶¶ 40-42). Pursuant to *Culp*, this issue is without merit.

*Magee*, 966 So. 2d at 183.

The Fifth Circuit has held that "the sufficiency of a state indictment is not a matter for

federal habeas corpus relief unless it can be shown that the indictment is so defective that the

convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985)

(internal citations and quotations omitted); *see also McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.

1994). Because Magee's defective indictment claim was found to be without merit by the state's

highest court, it is foreclosed from federal habeas review. *See Morlett v. Lynaugh*, 851 F.2d

1521, 1523 (5th Cir. 1988).

Because it is "not the province of a federal habeas court to reexamine state-court

determinations on state-law questions" and also because Magee's state court conviction was not

obtained in violation of any federal constitutional rights as to the claim raised in Ground Two, habeas relief under Section 2254 is not available to him on that ground.  *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

**Ground Three**

In his petition, Magee alleges the following for Ground Three: "Ineffective assistance of counsel failure to exhaust appeals . . . Counsel failed to pursue the interlocutory appeal, failed to effectly [*sic*] state the relevant law applicable to the facts (see exhibits "F") – failed to provide [minimum] service on the research of the motion for severance and the defective indictment claim. See exhibits B and G for proof of lack of diligence."  Petition [1] at 8.

As pointed out by Respondents, only the first portion of this ground was exhausted - whether trial counsel erred in failing to pursue the interlocutory appeal.[26]  Magee raised this issue in his PCR, and the Mississippi Supreme Court rejected it on its merits, holding that Magee's claims of ineffective assistance of counsel "fail to overcome the burden established in *Strickland v. Washington*, 466 U.S. 668 (1984)."[27]

Given that an ineffective assistance of counsel claim presented for habeas review presents a mixed question of law and fact,[28] and that *Strickland  v. Washington* is the "clearly established Federal law" which governs such claims, the Section 2254(d)(1) issue in this case is "whether the Mississippi Supreme Court's decision to reject [Magee's] ineffective assistance claim[s] 'involved an unreasonable application' (and not merely an incorrect application) of

---

[26]Magee raised additional issues of ineffective assistance of counsel in his PCR, but none relate to a motion to sever or a defective indictment based on the incorrect rape statute, as argued in Ground Three of the instant petition.  *See* State Court Record, No. 2008-M-00569, "Miscellaneous Pleadings."

[27]*See* State Court Record, No. 2008-M-00569, "Miscellaneous Pleadings."

[28]*Nixon v. Epps,* 405 F.3d 318, 324 (5th Cir. 2005).

*Strickland.*" *Neal,* 286 F.3d at 235-36.

It was in *Strickland* that the United States Supreme Court defined the standard by which an ineffective assistance of counsel claim in a habeas proceeding is to be measured: Magee must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687; *see also Motley v. Collins,* 18 F.3d 1223, 1226 (5th Cir. 1994) (stating that satisfaction of the standard requires a showing that counsel's acts "fell below an objective standard of reasonableness"). "To meet the prejudice prong of the *Strickland* test, the defendant may not simply allege but must 'affirmatively prove' prejudice." *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir. 1986) (citing *Celestine v. Blackburn,* 750 F.2d 353, 356 (5th Cir. 1984)). Further, Magee must not only prove that the outcome of his trial would have been different "but for counsel's alleged errors," but must also prove that "'the result of the proceedings was fundamentally unfair or unreliable.'" *Vuong v. Scott,* 62 F.3d 673, 685 (5th Cir. 1995) (quoting *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993)).

On April 14, 2003, prior to his convictions and sentences, Magee filed a "Petition for Interlocutory Appeal and Stay Pending Appeal" in the Mississippi Supreme Court, which was docketed as Cause No. 2003-M-797.[29]  In his petition and supporting memorandum filed with the Mississippi Supreme Court, Magee sought to appeal the trial court's order dated March 31, 2003, denying his motion to dismiss based on the prosecution's failure to timely provide him with an initial appearance and preliminary hearing on the rape charge.  On March 31, 2003, the trial court also denied Magee's motion for an interlocutory appeal to the Mississippi Supreme Court. (R.1 at 75- 80.)   On August 1, 2003, the Mississippi Supreme Court dismissed Magee's Petition for Interlocutory Appeal, finding that he failed to satisfy the requirements of M.R.A.P. 5.  *Id.;*

---

[29]*See* State Court Record, No. 2003-M-00797, "Miscellaneous Pleadings."

*see also* Ex. B to Response [14].

Magee apparently claims that his trial counsel was deficient in not obtaining an interlocutory appeal and for not further pursuing the appeal after it was denied by the Mississippi Supreme Court. However, Magee has failed to identify or establish how his trial counsel's performance in the briefing of the petition for interlocutory appeal was deficient or fell below an objective standard of reasonableness. He has further failed to establish that his counsel's decision not to further pursue the appeal after it was denied fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687; *Motley,* 18 F.3d at 1226.[30] Indeed, given that the Mississippi Supreme Court has denied relief based on similar arguments, it is likely that his counsel's decision not to further pursue the issue was a strategic decision. *See Davis v. State*, 743 So. 2d 326, 338 (Miss. 1999) (rejecting claim that counsel was ineffective for failure to contest evidence retrieved prior to initial appearance, reasoning "An initial appearance might have resulted in less evidence being gathered, but it would not have resulted in suppression of the evidence against Davis to the extent where there is any reasonable probability that the verdict would have changed"); *Glasper v. State*, 914 So. 2d 708, 722-26 (Miss. 2005) (rejecting defendant's claims - including ineffective assistance of counsel - based on violation of Rule 6.03, where defendant's confession given within twenty-four hours of his arrest, confession was not the only evidence supporting the conviction, and defendant failed to show prejudice from delay in receiving initial appearance); *see also Glasper v. McCaskey*, No. 4:07CV084-M-B, 2008 WL 2699791, at *5 (N.D. Miss. June 30, 2008) ("Assuming arguendo there was a violation of URCCC 6.03, Glasper cannot demonstrate the prejudice required to warrant habeas relief.

---

[30]The *Strickland* test applies to the performance of appellate counsel, as well as to trial counsel. *See Evitts v. Lucey*, 469 U.S. 387, 397-99 (1985); *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

Foremost, his three confessions were not the result of coercion. Secondly, there was ample evidence for a jury to conclude that Glasper was guilty.")

Moreover, even assuming that his trial counsel's performance was deficient in this regard, Magee has failed to establish prejudice. Specifically, he has failed to establish that the outcome of his interlocutory appeal and/or trial would have been different "but for counsel's alleged errors." *Vuong*, 62 F.3d at 685. On direct appeal, Magee's counsel[31] raised the issue that the trial court erred in failing to dismiss the indictment because Magee was denied his initial appearance in violation of URCCC 6.03.[32] The Mississippi Court of Appeals rejected this claim on its merits, holding as follows:

> In Magee's argument, he fails to cite to the record or explain how his argument is supported by the record. The following is the evidence pertaining to Magee's arrest that the Court has located in the record. Officer Stacey Cotten testified in a proffer that when Magee was questioned about the rape and burglary Magee had been arrested and held on church burglary and possession of stolen property charges. There was a discussion between the court and counsel which indicated that the police questioned Magee about the rape and burglary while Magee was being held on other charges and that Magee was afforded a timely preliminary hearing on those charges. There is an order denying Magee's motion to dismiss for lack of a timely initial appearance on the rape and burglary charges. The order does not provide further facts or explain why the motion was denied. Magee has provided inadequate argument supported by citations to the record to establish a violation of the initial appearance rule.

*Magee*, 966 So. 2d at 183-84. Magee also raised this claim in his PCR and the Mississippi Supreme Court denied him relief.[33]

Magee has not only failed to prove or otherwise establish that the outcome of his trial

[31]Magee's trial counsel also served as his appellate counsel.

[32]URCCC 6.03 provides in part, "Every person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance."

[33]*See* State Court Record, No. 2008-M-00569, "Miscellaneous Pleadings."

would have been different "but for counsel's alleged errors," he has also failed to prove that "'the result of the proceedings was fundamentally unfair or unreliable.'" *Vuong*, 62 F.3d at 685 (quoting *Lockhart*, 506 U.S. at 369). As set forth below, the evidence (excluding any evidence obtained from any questioning of Magee prior to his initial appearance) was more than sufficient to establish Magee's guilt. The victim testified that she had been forcibly raped and that she recognized the attacker's voice as Magee, who had performed yard work for her in the past. She further testified that the attacker, whom she identified as Magee, took a bank bag filled with cash from her dresser. (R.10 at 807-73.) Deputy Sheriff Truett Simmons testified that the victim's interior door to her residence had been opened by force. (R.6 at 223-48). Dr. Renie Jordan, who examined the victim on the night of the alleged rape testified that the victim had been raped based on the totality of the information before him. (R.8 at 517-29.) Pursuant to a blood sample from Magee obtained pursuant to a search warrant, DNA expert Deedra Hughes testified that Magee's DNA matched the DNA taken from the rape kit performed on the victim. (R.6 at 280-90; R.8 at 578-600; R.9 at 601-33.) Magee testified and admitted having intercourse with the victim on the date in question, but testified that the sexual intercourse was consensual. Magee further testified that the victim allowed him to enter her home and that she lent him money. (R.12 at 1062-1134.)

Based on the foregoing, Magee cannot establish that his attorney was constitutionally deficient in failing to succeed on his petition for interlocutory appeal. The Mississippi Supreme Court's decision denying relief on this claim was neither contrary to, nor an unreasonable application of *Strickland* and, therefore, habeas relief should be denied.

### **Unexhausted Claims**

In his petition, Magee alleges the following for Ground Four**:** "Whether the state violated the trial court's order by failing to furnish defendant with copies of medical reports." Amended

Petition [7] at 6-14.[34]   Magee alleges the following for the unexhausted portion of Ground

Three: "Counsel failed to provide. . .[minimum] service on the research of the motion for

severance and the defective indictment claim. See exhibits B and G for proof of lack of

diligence."[35]   Petition [1] at 8.  Further, although not specifically identified as separate grounds,

the following additional issues are peppered throughout Magee's "Supporting Facts and Index of

Exhibit(s)" [1-2] attached to his Petition [1]:[36] the trial judge erred in denying his motion for

severance and in not conducting separate trials on the burglary and rape charges;[37] ex post facto

violation by the State and trial judge;[38] multi-count indictment was improper;[39] double jeopardy

violation;[40] the trial court erred in allowing Jury Instruction No. 8 and trial counsel was

ineffective for failing to object to same;[41] counsel was ineffective for failing to request a mistrial

or continuance based on the defects in his indictment (wrong statute listed in indictment and

habitual statute added after trial) and for failing to raise these issues on appeal;[42] counsel was

---

[34]*See supra*, footnote 9.

[35]Ex. B to Magee's Petition is an excerpt from the appellant's brief filed on his behalf in his direct appeal; Ex. G is a copy of the motion for severance filed by counsel in the trial court. Memo. [1-2] at 41-50, [1-3] at 2.

[36]*See supra*, footnote 9.

[37]Memo. [1-2] at 7-8.

[38]Memo. [1-2] at 8-10.

[39]Memo. [1-2] at 9.

[40]Memo. [1-2] at 9, 33.

[41]Memo. [1-2] at 17-20, 26.  In his PCR, Magee claims his counsel was ineffective for failing to object to jury instruction no. 14 (regarding the burglary count); his PCR does not mention Jury Instruction No. 8.  *See* State Court Record, No. 2008-M-00569, "Miscellaneous Pleadings."

[42]Memo. [1-2] at 15, 25.

ineffective for failing to challenge the lack of notice of the habitual offender portion of indictment.[43] These grounds were not included in Magee's PCR and were not raised on direct appeal; therefore, Magee has failed to exhaust his state court remedies on these grounds.[44]

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State... ." 28 U.S.C. § 2254(b)(1)(A). Because these claims were raised for the first time in his federal habeas petition and because the Mississippi Supreme Court would now find them to be procedurally barred,[45] they are procedurally defaulted for purposes of federal habeas review. *Bagwell v. Dretke,* 372 F.3d 748, 755 (5th Cir. 2004); *see also Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen...state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims").

In his Traverse [22], Magee claims that the issues raised in Ground Four and the portion of Ground Three set forth above were raised in his PCR, and were, therefore, exhausted.[46] For Ground Four, "Whether the state violated the trial court's order by failing to furnish defendant

---

[43]Memo. [1-2] at 12.

[44]To satisfy the exhaustion requirement, the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state courts are given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999).

[45]Miss. Code Ann. § 99-39-27(9); *see also Stokes v. Anderson,* 123 F.3d 858, 860 (5th Cir. 1997) (referring to § 99-39-27(9) as a bar to second or successive state habeas petitions). Magee has raised no issue as to whether Mississippi applies section 99-39-27(9) "strictly or regularly." *Stokes,* 123 F.3d at 860-61 (concluding that where petitioner failed to sustain his burden of showing inconsistent and irregular application of procedural bar, he had defaulted his federal claims in state court).

[46]Magee's Traverse [22] does not address the other unexhausted non-numbered issues set forth above.

with copies of medical reports," Magee points to Ground VI[47] raised in his PCR. *See* Traverse [22] at 3. However, Ground VI in his PCR dealt with an ineffective assistance of counsel claim for failing to raise a *Brady*[48] violation in his motion for new trial.[49] *Id.* While Ground VI in his PCR also dealt with the production of the medical records at issue in Ground Four, it dealt with an alleged ineffective assistance claim, and not an error by the State as alleged in Ground Four of his federal petition. The procedural default bar applies even if the unexhausted claim is related to an exhausted claim and even if "all the facts necessary to support the federal claim were before the state courts." *See Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

For the unexhausted portion of Ground Three, "Counsel failed to provide. . .[minimum] service on the research of the motion for severance and the defective indictment claim," Magee points to Ground IV[50] raised in his PCR. *See* Traverse [22] at 3-4. However, as Respondents point out, Ground IV in Magee's PCR raised an ineffective assistance of counsel claim for failure to challenge Jury Instruction No. 14 (dealing with the burglary count) because it did not

---

[47]*See supra,* footnote 5. Ground A. VI of Magee's PCR (previously identified by the Court as Ground 1(d) on page 3 of this opinion), raises an ineffective assistance of counsel claim for counsel's failure to raise a *Brady* violation (regarding the production of medical records) on appeal. *See* PCR, p. 9, State Court Record, No. 2008-M-00569, "Miscellaneous Pleadings."

[48]*Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

[49]To the extent Ground Four can be construed as an ineffective assistance of counsel claim, the court finds that Magee failed to demonstrate the two-prong test set forth in *Strickland*, as discussed below under the "cause and actual prejudice" analysis.

[50]*See supra,* footnote 5. Ground A. IV of Magee's PCR was previously identified by the Court as Ground 1(c) on page 3 of this opinion. *See* PCR, p. 7, State Court Record, No. 2008-M-00569, "Miscellaneous Pleadings."

comport with the indictment.[51]  Magee's arguments in the instant petition center on the alleged deficiencies of the rape count charged in the indictment.  Apparently recognizing his exhaustion argument regarding Ground Three is a stretch, Magee states "this ground could be construed to have been incorporated with the ineffective assistance of counsel claim, number IV" in the PCR.  *See* Traverse [22] at 3.

As an alternative argument for the exhaustion of Ground Three, Magee directs the court's attention to page thirteen of his PCR, which raised the issue of whether he was improperly sentenced as a habitual offender.  He also points out that he raised the issue of a defective indictment on direct appeal.  Thus, he claims "it can be assumed that petitioner's current claim of the defectived (sic) indictment has also been exhausted in the state courts."  *See* Traverse [22] at 4.  However, neither of these claims raised an ineffective assistance of counsel claim regarding a motion for severance or defective indictment.  *See Nobles,* 127 F.3d at 420 (quoting *Anderson*, 459 U.S. at 6) (holding that the procedural default bar applies even if the unexhausted claim is related to an exhausted claim and even if "all the facts necessary to support the federal claim were before the state courts").  Therefore, these claims were never presented to the state courts in a procedurally proper manner and the state courts were not given a fair opportunity to consider these claims.  Accordingly, these claims are unexhausted and thus barred from review.  *See O'Sullivan,* 526 U.S. at 844-45; *Sones,* 61 F.3d at 416.

That said, a federal court "may resurrect a defaulted claim, and consider its merits" under two narrow exceptions:  cause and actual prejudice or miscarriage of justice.  *Bagwell,* 372 F.3d at 755, 756.  To prove cause sufficient to excuse default, the petitioner must establish that some external impediment prevented him from raising the defaulted claims in his application for post-

---

[51] *See* State Court Record, No. 2008-M-00569, "Miscellaneous Pleadings."

conviction relief. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). In his petition, Magee did not state any reasons for not previously raising these grounds; instead, he claims that all grounds have been exhausted. *See* Petition [1] at ¶ 13.

"Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753 (citations omitted). However, where attorney error constitutes ineffective assistance of counsel under the test of *Strickland v. Washington*, 466 U.S. 668 (1984) and is therefore an "independent constitutional violation," it is "cause" sufficient to excuse default. *Id.* at 754, 755. In *Murray v. Carrier*, 477 U.S. 478, 489 (1986), the U.S. Supreme Court held that before a claim of ineffective assistance of counsel can be used to establish cause to excuse a procedural default, it must be exhausted - *i.e.*, it must be presented as an independent Sixth Amendment claim to the highest state court in a procedurally proper manner. The Court reaffirmed this holding in *Edwards v. Carpenter*, 529 U.S. 446, 462 (2000).

Magee did raise an ineffective assistance of counsel claim (in Ground VI in his PCR)[52] for failing to raise a *Brady* violation relating to medical records. The Mississippi Supreme Court reviewed this claim and found that Magee failed to overcome the burden established in *Strickland v. Washington*, 466 U.S. 668 (1984).[53] Thus, the Court finds that Magee has exhausted an independent ineffective assistance of counsel claim with respect to Ground Four of the instant petition.

The Court must now determine whether this alleged attorney error is sufficient cause to

---

[52]*See supra*, footnote 47.

[53]*See* State Court Record, No. 2008-M-00569, "Miscellaneous Pleadings."

excuse Magee's procedural default. "[T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland*...we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Coleman*, 501 U.S. at 754, 755 (where attorney error constitutes ineffective assistance of counsel under *Strickland* and is therefore an "independent constitutional violation," it is "cause" sufficient to excuse default).

In Ground VI of his PCR, Magee claims that the State withheld a portion of the medical records regarding the alleged rape and never provided these records to defense counsel prior to trial. Thus, he claims his counsel did not have time to prepare. He claims his counsel was ineffective for failing to raise this issue in a motion for new trial and/or on appeal.

The record reflects that Magee's counsel stated that he did not receive a portion of the records contained in Exhibit S-43 (Admission Summary Sheet), marked for identification purposes only. (R.7 at 419-20.) The district attorney stated these records were provided to defense counsel during discovery. *Id.*

Magee contends that these medical records were favorable to him and apparently would have shown that the intercourse between him and the victim was consensual, as evidenced by the testimony of Dr. Jordan. *See* Amended Petition [7]. Dr. Jordan testified that given the age of the victim, there would have been some amount of trauma to the victim whether the sexual penetration was forced or consensual. However, Dr. Jordan opined that the victim had undergone a forceful sexual encounter given the totality of the circumstances. (R.8 at 516-29.) Magee's counsel cross-examined Dr. Jordan at length about his opinion and his examination of the victim. (R.8 at 529-77.)

Based on the record, the court finds that Magee has failed to establish that his attorney was deficient or that he suffered any prejudice as a result of any alleged deficiencies. *See Strickland*, 466 U.S. at 687; *Motley,* 18 F.3d at 1226. Thus, Magee cannot establish "cause" sufficient to excuse his procedural default of Ground Four.

Magee did not raise a claim of ineffective assistance of counsel (*i.e.*, his attorney's failure to raise these grounds on direct appeal) for the remaining unexhausted claims set forth above and thus, did not exhaust an independent ineffective assistance of counsel claim for those claims. Additionally, a second motion for post-conviction relief would likely be barred by Miss. Code Ann. § 99-39-27(9): "The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article." Thus, any ineffective assistance of counsel claim would be procedurally defaulted. *See O'Sullivan,* 526 U.S. at 848; *Sones*, 61 F.3d at 416. With Magee having failed to establish cause, this Court need not consider "actual prejudice." *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992).

The fundamental miscarriage of justice exception applies only in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Callins v. Johnson,* 89 F.3d 210, 213 (5th Cir. 1996) (citation omitted). Being confined to "cases of actual innocence," the exception requires the petitioner to show "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citations omitted). This showing requires "new, reliable evidence that was not presented at trial" and that would show it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[54] *Fairman,* 188 F.3d at 644

---

[54]Such evidence includes "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman*, 188 F.3d at 644.

(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995));  *see also Johnson v. Hargett,* 978 F.2d 855, 859 &  n. 18 (5th Cir. 1992) (distinguishing factual and legal innocence and noting that "actual innocence requires more than showing of constitutional error, even when the verdict would have been different absent error").

While Magee claims actual innocence, he has not offered any "new and reliable" evidence.  Indeed, Magee presented his claims of actual innocence to the jury through his testimony at trial.  (R.12 at 1062-1134.)  Under these circumstances, this Court's application of a procedural bar to Magee's unexhausted claims does not result in a fundamental miscarriage of justice sufficient to excuse his default.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that the relief sought in Magee's Petition for Writ of Habeas Corpus [1] be denied, that his request for an evidentiary hearing (*see* Traverse [22] at 8) be denied, and that the petition be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected.  *Douglass v. United Servs.*

*Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

 This the 17th day of August, 2010.

       s/ Michael T. Parker
       _____
       United States Magistrate Judge