```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    HATTIESBURG DIVISION
```

WILLIE A. MAGEE, #09005                                PETITIONER

VS.                       CIVIL ACTION NO. 2:08-cv-163(DCB)(MTP)

STATE OF MISSISSIPPI, ET AL.                          RESPONDENTS

                ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 25)**. Having carefully considered same, as well as the petitioner's objections **(docket entry 28)** and amended objections **(docket entry 34)**, and being otherwise fully advised in the premises, the Court finds as follows:

Before the Court is petitioner Willie A. Magee's petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for burglary of a dwelling and rape in the Circuit Court of Walthall County, Mississippi. He raises the following grounds (as stated by the petitioner):

> Ground One: 8th Amendment violation – illegal sentence. (3) amendments was constructively added to the indictment – (2) two of those was sentencing enhancements which was not presented to the grand jury or cited indictment.
>
> Ground Two: Defective indictment 14th Amendment due process and equal protection violation. (see pages 1-28) The wrong statute was used to prosecute defendant and the elements of the crime is sine qua non – against the weight of the evidence Magee has been falsely indicted, convicted and sentence for a crime he did not commite.
>
> Ground Three: Ineffective assistance of counsel failure

>to exhaust appeals. Counsel failed to pursue the interlocutory appeal, failed to effectly state the relevant law applicable to the facts (see exhibits "F") – failed to provide [minimum] service on the research of the motion for severance and the defective indictment claim. See exhibits B and G for proof of lack of diligence.
>
>Ground Four: Whether the state violated the trial court's order by failing to furnish defendant with copies of medical reports.

As Magistrate Judge Parker points out, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254. In addition, under the AEDPA, when the state court has adjudicated the petitioner's claims on the merits, the federal court reviews mixed questions of law and fact under 28 U.S.C. § 2254(d)(1). The Report and Recommendation finds that Magee failed to properly exhaust Ground Four and that portion of Ground Three dealing alleging ineffective assistance of counsel for failure to provide minimum research and assistance regarding a motion for severance and a claim for defective indictment. Thus, Magee is procedurally barred from raising these claims. The Report and Recommendation also finds that the application of the procedural bar does not result in a fundamental miscarriage of justice sufficient to excuse Magee's default.

Magee has satisfied the exhaustion requirement for Grounds One, Two, and the remaining portion of Ground Three. Since these grounds involve mixed questions of law and fact, this Court's authority to grant habeas relief on these claims is limited to a

determination of whether the decisions of the Mississippi Supreme Court were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In Ground One, as developed in the petition, supporting memorandum, and amended petition, Magee alleges (1) that the trial judge erred in allowing the indictment to be amended after trial to reflect Magee's status as an habitual offender, and (2) that the trial judge erred in sentencing him to 55 mandatory years, which is beyond his life expectancy, thereby subjecting him to a life sentence in contravention of Mississippi law. The Report and Recommendation notes that the amendment of the indictment involves interpretation and application of state law and does not implicate the petitioner's constitutional rights. With regard to sentencing, when a state sentence is within the statutory limits, the petitioner must rebut the presumption of constitutionality by showing that his situation is exceptional. Magistrate Judge Parker finds that Magee failed to rebut the presumption of constitutionality of his sentence.

In Ground Two, Magee claims that he was indicted under Miss. Code Ann. § 97-3-65(3), which sets forth the sentencing guidelines for statutory rape, when he should have instead been indicted under Miss. Code Ann. § 97-3-65(4), which addresses the crime of forcible rape. Magistrate Judge Parker notes that "the sufficiency of a

state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court has no jurisdiction," Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985), and concludes that Magee's conviction was not obtained in violation of any federal constitutional right.

In Ground Three, Magee's exhausted claim alleges that his trial counsel erred in failing to pursue an interlocutory appeal. This claim was rejected by the Mississippi Supreme Court on the basis that Magee failed to overcome the burden established in Strickland v. Washington, 466 U.S. 668 (1984).  Magistrate Judge Parker addresses the issue of "whether the Mississippi Court's decision to reject [Magee's] ineffective assistance claim[s] 'involved an unreasonable application' (and not merely an incorrect application) of Strickland," Neal v. Puckett, 286 F.3d 230, 235-36 (5th Cir. 2002), and concludes that the Mississippi Supreme Court's decision was neither contrary to, nor an unreasonable application of Strickland.

Magee's claims have been fully addressed by Magistrate Judge Parker in his Report and Recommendation, and the Court finds nothing in Magee's objections or amended objections which would cause it to modify the Magistrate Judge's findings.  Accordingly,

IT IS HEREBY ORDERED that the petitioner's objections **(docket entry 28)** and amended objections **(docket entry 34)** are DENIED;

FURTHER ORDERED that the Report and Recommendation of

Magistrate Judge Michael T. Parker **(docket entry 25)** is adopted as the findings of this Court.

    A final judgment dismissing the petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

    SO ORDERED, this the 29th day of September, 2011.

    /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE